# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-487V
Filed: March 9, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| BARBARA PERKINS, | * | |
| | * | Dismissal; Tetanus-diphtheria- |
| Petitioner, | * | acellular pertussis ("Tdap") |
| | * | Vaccine; Miller-Fisher Variant; |
| v. | * | Guillain-Barre Syndrome ("GBS") |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Lawrence Michel, Esq.,* Kennedy, Berkley, et al., Salinas, KS, for petitioner.
*Mallori Openchowski, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

### DECISION[1]

**Roth,** Special Master:

On April 6, 2017, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that a tetanus-diphtheria-acellular pertussis ("Tdap") she received on November 2, 2015 caused her to develop the Miller-Fisher variant of Guillain-Barre Syndrome ("GBS"). The information in the record, however, does not support entitlement to an award under the Program. On March 9, 2021, petitioner filed a Motion for Dismissal Decision requesting that her case be dismissed. ECF No. 66.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Because there were insufficient medical records supporting petitioner's claim, petitioner was required to file a medical opinion to support her claim. *See* § 13(a)(1).

Petitioner filed an expert report from Dr. Axelrod, an immunologist. *See* Pet. Ex. 12, ECF No. 24. In his initial report, Dr. Axelrod placed the onset of petitioner's Miller Fisher variant of GBS one week prior to January 6, 2016. Pet. Ex. 12 at 2. He then later concluded that the onset of petitioner's Miller Fisher variant of GBS was mid-December, or approximately 42 days after petitioner received the Tdap vaccination on November 2, 2015, based on the allegations contained in the Petition. *Id.*; Petition at ¶ 3. In a subsequent report, Dr. Axelrod wrote that petitioner reported an onset of symptoms on December 15, 2015; however, Dr. Axelrod based this opinion on the information contained in petitioner's affidavit which was filed on April 6, 2017, over a year after the events and which was not corroborated by any of the contemporaneous medical records. *See* Pet. Ex. 19, ECF No. 31; Pet. Ex. 8, ECF No. 10.

A Rule 5 status conference was held on December 19, 2018, at which time there was a discussion about the conflicts in onset between the contemporaneous medical records and the statements contained in petitioner's affidavit which were relied upon by Dr. Axelrod in his report. Scheduling Order at 3-4, ECF No. 37. Petitioner's counsel advised that Dr. Axelrod could not support his opinion in this case unless onset was in mid-December. *Id*. Thereafter, petitioner filed a status report on February 4, 2019, confirming that Dr. Axelrod could only support a theory of causation if petitioner's symptoms began in mid-December 2015. ECF No. 38.

An onset hearing was held on November 5, 2019, to hear testimony from petitioner and her family members regarding the conflict between her alleged onset in mid-December 2015 and the onset reflected by her medical records. *See* Scheduling Order, ECF No. 52. A Ruling on Onset was issued on January 8, 2021, finding that the petitioner's symptoms associated with her diagnosis of the Miller-Fisher variant of GBS began after January 4, 2016. ECF No. 60. As discussed in detail in the Ruling on Onset, petitioner's alleged onset of symptoms in mid-December 2015 found no support in the medical records, testimony, or other evidence submitted by petitioner.

During a status conference on February 26, 2021, petitioner's counsel advised that petitioner's expert could not support a causation theory in this matter based on the onset found in the Ruling, and petitioner intended to file a Motion for Dismissal. *See* Scheduling Order at 1, ECF No. 64.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

3

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master
