# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-487V
Filed: May 19, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| BARBARA PERKINS, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Lawrence Michel, Esq.*, Kennedy Berkley Yarnevich & Williamson, Salina, KS, for petitioner.
*Mallori Openchowski, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 6, 2017, Barbara Perkins ("Ms. Perkins," or "petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed the Miller-Fisher variant of Guillain-Barré Syndrome ("GBS") after receiving a Tetanus-diptheria-acellular pertussis ("Tdap") vaccination on November 2, 2015. Petition ("Pet."), ECF No. 1. On March 9, 2021, the undersigned issued a Decision dismissing petitioner's claim for insufficient proof, and on August 27, 2021, Judge Edward H. Meyers issued an Opinion denying petitioner's Motion for Review. ECF Nos. 68, 74.

Petitioner filed an application for final attorneys' fees and costs on September 1, 2021 and a Supplemental Motion on April 7, 2022 after an Order issued for additional information. ECF No.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

76 ("Fees App."); ECF No. 80; ECF No. 81 ("Supp. Fees App."). Petitioner requests attorneys' fees in the amount of $31,587.50 and attorneys' costs in the amount of $11,477.17 for a total amount of $43,064.67. Fees App. at 1-2. In accordance with General Order No. 9, petitioner has indicated she has not personally incurred any costs in pursuit of this litigation. ECF No. 77. Respondent responded to the motion on September 14, 2021, stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 78. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum

2

hourly rate. *Id.* This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

In this case, Mr. Lawrence Michel, petitioner's counsel, performed work in Salina, Kansas, and special masters have consistently awarded non-forum rates for legal professionals practicing in that area. Petitioner requests an hourly rate of $300.00 for the work performed in 2016-2021 by Mr. Michel. Fees App. at 1. This rate for reasonable and consistent with what Mr. Michel has previously been awarded for his vaccine program work in 2019-2021.

However, the requested rate for 2016-2018 exceeds what Mr. Michel has previously been awarded. *See Thompson v. Sec'y of Health & Hum. Servs.*, No. 17-326V, 2019 WL 1716078 (Fed. Cl. Spec. Mstr. Mar. 25, 2019); *Zahringer v. Sec'y of Health & Hum. Servs.*, No. 15-1057V, 2017 WL 1435884 (Fed. Cl. Spec. Mstr. Mar. 30, 2017). In *Thompson*, Mr. Michel was compensated at a rate of $275.00 per hour for 2018 based on the Producer Price Index for the Office of Lawyers (PPI-OL), his overall legal experience, and his continuing accrual of relevant vaccine litigation experience. *Thompson v. Sec'y of Health & Hum. Servs.*, No. 17-326V, 2019 WL 1716078 at *2. In that same case, Mr. Michel was compensated at a rate of $260.00 per hour for 2016 and 2017 based on the undersigned's decision in *Zahringer*. *Id.* at *2. Based on the above, the undersigned finds that an appropriate hourly rate for Mr. Michel's work is $260.00 for 2016 and 2017 and $275.00 in 2018. Application of these rates results in a reduction of $1,217.00.[4]

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *O'Neill v. Sec'y of Health & Human*

---

[3] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] This amount is calculated as follows: (($300 - $260) x 1.3 hrs = $52.00) + (($300 - $260) x 15 hrs = $600.00) + (($300 - $275) x 22.6 hrs = $565.00) = $1,217.00.

*Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that generally, the billing entries adequately describe the work done on the case and the amount of time spent on that work. The only issue necessitating a reduction is that counsel billed at his full hourly rate for time spent traveling to and from the onset hearing. Supp. Fees App. at 8. Specifically, Mr. Michel's travel to the onset hearing was billed along with other tasks, and his return travel is block billed in an entry that also includes preparation for and time spent at the onset hearing.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Further, block billing is clearly disfavored, as the Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[5] When several tasks are lumped together in one time entry, the court's ability to assess the reasonableness of the request is frustrated.

Mr. Michel billed a total of 22 hours for time spent preparing for, traveling to, participating in, and traveling back from the onset hearing. Supp. Fees App. at 8. Due to the block billing of these tasks, it is difficult to decipher how much time was spent preparing for the hearing versus traveling to and from the hearing. Recognizing that attorneys may work while traveling by plane or train, in order to be paid at full rate for that time, a detailed accounting must be provided for that time to distinguish, for example, the time spent traveling to and from the airport and time spent waiting for a flight and/or boarding, where work may not have been done, as opposed to actual time spent working. Therefore, the total amount billed for those 22 hours will be reduced by 15%, resulting in a reduction of $990.00.[6]

---

[5] The Guidelines for Practice can be found at https://www.uscfc.uscourts.gov/vaccine-guidelines.

[6] 22 hours of time at Mr. Michel's 2019 rate of $300.00 per hour equals $6,600.00. 15% of $6,600.00 is $990.00.

Accordingly, petitioner is awarded final attorneys' fees of $29,380.50.

## C.    Reasonable Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health and Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total costs of $11,477.17, comprised of acquiring records, travel and other expenses related to the hearing in this matter, and the work of an expert, Dr. David Axelrod. Petitioner has provided adequate documentation of these expenses, and all appear to be reasonable in the undersigned's experience. Accordingly, petitioner is entitled to final attorney's costs of $11,477.17.

## III. Conclusion

Based on the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED, in part.** The undersigned hereby awards a **lump sum of $40,857.67, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Lawrence Michel, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.